IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARDELL L. TYREE | : | CIVIL ACTION NO. **1:CV-07-0008** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| FEDERAL BUREAU OF PRISONS, et al., | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background**.

The Petitioner, Wardell L. Tyree, an inmate at the United States Penitentiary at Canaan ("USP-Canaan"), Waymart, Pennsylvania, filed, *pro se,* a Petition for Writ of Mandamus, pursuant to 28 U.S.C. § 1361, on January 3, 2007. (Doc. 1). In his Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361, Petitioner requests the Court to compel the Bureau of Prisons ("BOP") officials to find his criminal trial transcripts and records which were mailed to him by an attorney so that he can then forward them to this Court for filing in his pending habeas case, Civil No. 06-0112, M.D. Pa. (Doc. 1, p. 1). Petitioner names as Defendants the Federal Bureau of Prisons ("BOP") and the Warden at USP-Canaan, namely Cameron Lindsay. Petitioner filed an *in forma pauperis* request. (Doc. 4).[1]

---

[1] Tyree also has a § 2254 habeas corpus petition pending with this Court, which has been stayed while he exhausts his D.C. state court remedies, Civil No. 06-0112, M.D. Pa. Tyree also recently filed a Freedom of Information Act ("FOIA") and Privacy Act action, pursuant to 5 U.S.C. §§ 552, 552a, on January 30, 2007, Civil No. 07-0175, M.D. Pa. Tyree claims that the BOP is violating the Privacy Act by maintaining incorrect information on his sentence computation sheet which has caused his initial parole hearing date to be delayed, *i.e.* from June 2007 to December 2008. Tyree also states that the BOP is maintaining inaccurate files on him depriving him of due process and equal protection provided by the Privacy Act, since the

**II. Allegations of Petition.**

Petitioner essentially claims that the BOP staff improperly rejected a package mailed to him by an attorney, containing his D.C. court records and transcripts he needed in his habeas case pending with this Court, and that the package was lost. Attached to Petitioner's Petition (Doc. 1) are several documents, including a letter from an attorney indicating that he sent Petitioner's D.C. Court transcripts to Petitioner at USP-Canaan, along with copies of the certified mail receipts, a letter from the attorney to Petitioner indicating that he did not receive the transcripts back in the mail which he sent to Petitioner and marked with "Legal" in all four corners of the package along with his business card attached thereto, and BOP Program Statements and policies regarding inmate packages mailed to them. Petitioner states that neither he nor his attorney, David C. Gray, ever received any notice from the BOP or prison staff, which is mandated by BOP policy, that the package his attorney mailed to him was rejected and returned to the sender.

Specifically, Petitioner includes copies of a BOP policy which states that the warden shall notify the sender of a rejection of mail and also notify the inmate of the rejection and the reason for it. Petitioner also attached copies of his Inmate Requests to Staff and Responses regarding his claim that the BOP polices were not followed with respect to his court transcripts and records, as well as his BOP Administrative Remedy Requests, Responses and Appeals regarding his claim that the BOP staff did not notify him that his mailed package with his D.C. Court records and transcripts was

---

inaccurate files kept by the BOP are adversely affecting the date he will get his initial parole hearing.
   We have addressed Tyree's Privacy Act case in a separate Report and Recommendation.

rejected. In many of the attached documents, Petitioner argues that the BOP did not adhere to the mandatory BOP policies requiring the inmate to be notified when his mail was rejected. Petitioner requested that the BOP post notices advising inmates that they have the right to notice of rejected mail and to remind the BOP staff in the prison mail room that they must abide by the BOP mail polices. Petitioner's request was denied.

Warden Lindsay's February 27, 2006 Response to Petitioner's Administrative Remedy Request indicates that on January 17, 2006, a package was received at the Waymart Post Office addressed to Petitioner and sent by David Gray. According to the Warden's Response, the sender was not adequately identified as an attorney and the package did not meet the requirements of legal mail. An Inmate Systems Officer signed the green certified mail receipt card at the Post Office, and because the package did not meet the legal/special mail requirement and the mail room did not have a package authorization, the package to Petitioner was rejected at the Post Office without any further action. (Doc. 1, attached February 27, 2006 Response to Request for Administrative Remedy of Warden Lindsay).

Petitioner has exhausted his present claim with the BOP Administrative remedies and his final appeal to the National Inmate Appeals, dated June 20, 2006, is attached. The final appeal response stated that since Petitioner's package was refused because it was not properly marked as special mail, a procedural requirement for acceptance, and that it was not rejected, which is based on the content of a package, no rejection notice was issued as Petitioner.

As stated above, Petitioner claims that the BOP has violated its mail policies requiring staff to notify the sender and the inmate that a package is rejected, and to notify the inmate of his appeal

rights with respect to the intended rejection. Petitioner claims that the package should not have been returned without the mandatory notice requirement and states that Attorney Gray has indicated to him that he has not yet received the Petitioner's transcripts back. Petitioner states that the package contained his D.C. court records which he was going to send to this Court with respect to his pending habeas case, 06-0112. Petitioner requests this Court to direct Respondents to adhere to the BOP mail policies and to the mandate requiring notification of inmates of rejected mail, and to order Respondents to find and re-route his missing transcripts to this Court. Petitioner also seeks to be reimbursed for his costs. (*Id.*, pp. 2-3). Petitioner states that Mr. Farley, Supervisor of mail room at USP-Canaan, believes that he does not have to abide by the BOP rules and regulations, and he seeks this Court to order Farley to adhere to the BOP policies and notification request, as well as find his missing transcripts. (*Id.*).[2]

Petitioner has filed his Administrative remedies regarding the lack of notification with respect to the BOP's refusal to accept his records and give them to him, and to have BOP follow its polices, but to no avail. As mentioned, Petitioner has attached his Administrative Remedy Request regarding the present issue to his Petition.[3]

---

[2]In his Privacy Act action, Tyree also stated that Farley is the mail room supervisor at USP-Canaan, where his DC trial transcripts and records were mailed to him and received in the mail room, but lost without providing the required notice. We noted in Tyree's 07-0175 case, that this claim was the subject of his present action, Case No. 07-0008, in which he seeks a Writ of Mandamus for the Court to direct the BOP to find his missing records and send them to this Court.

[3]It is well-settled that an inmate must exhaust his administrative remedies prior to filing a civil rights suit. *Id.* at 230. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding

**II. PLRA.**

Plaintiff has filed requests to proceed *in forma pauperis*, and the Prison Litigation Reform Act of 1995 (the "PLRA")[4] obligates the Court to engage in a screening process. *See* 28 U.S.C. § 1915(e)(2)(B)).

Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the petition under 28 U.S.C. §1915(e), we have determined that the Petitioner's action seeking a writ of mandamus for return of his records and to require the BOP to adhere to its mail policies is not warranted. Petitioner has adequate alternative means to obtain his relief, such as requesting the Clerk of Court for the D.C. Court to send him another copy of his records and transcript, which his attorney indicated has been done. (*See* September 25, 2006 letter of Attorney Gray to Petitioner, attached to Doc. 1). Also, Petitioner has not shown that he has a clear right to

---

prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

[4]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

the relief sought, since the BOP determined that his package was refused for failure to meet its procedural requirements for acceptance, *i.e.* it was not properly marked as special mail, and that it was not rejected. Thus, extraordinary mandamus relief to compel the BOP to follow its mail rejection policies should not be issued in this case.

### III. Motion to Dismiss Standard.

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

### IV. Discussion.

*1. Failure to State That There are No Adequate Alternative Means to Obtain Relief*

We find that Petitioner's request for a writ of mandamus should not be granted since he cannot establish the required elements to obtain such relief. As this Court stated in *Mitchell v. U.S.*, 419 F. Supp. 2d 709, 711(W.D. Pa.):

> 28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The *Mitchell* Court also stated:

> This Court has the authority to issue a Writ of Mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a). The Act states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id.*

*Id.*, 712.

The standards for determining if a writ of mandamus should issue are:

> According to the Supreme Court, "[t]he extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 424, 102 L.Ed.2d 408, 425 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)). The Petitioner must show that he has no other adequate means to attain the relief he desires and that he has a clear and indisputable right to the writ. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995). Once the Petitioner has made such a showing, it is still within the discretion of this Court to determine whether to issue the writ. *See id.*

*Id.*

Petitioner also claims that his writ seeks to compel the BOP, a federal agency, to follow a clear nondiscretionary duty, *i.e.* to adhere to BOP policies to notify inmates of rejected mail as required by BOP polices.[5]

---

[5]The Court in *Bartosek v. Com of Pa.*, 2005 WL 2250684, * 1 (W.D. Pa.), stated:

Mandamus is a "drastic remedy that 'is seldom issued and [ ] is discouraged." '

It can be asserted in this case that Petitioner requires his D.C. court records and transcripts for his habeas petition pending in this Court and to address the state court exhaustion issue raised therein, and that, in a sense, Petitioner is raising a Constitutional issue with respect to his right to access to the courts, and that this may meet the element that he has a clear and indisputable right to the requested writ. However, we do no find that Petitioner has claimed (or shown by his exhibits) that he has no other adequate means of obtaining his D.C. Court records and transcripts other than by the extraordinary writ he seeks.[6] Petitioner's exhibits indicate that Attorney Gray requested the D.C. Clerk to make a copy of Petitioner's transcripts in his September 2006 letter to Petitioner, but there is no indication if this request was granted or denied by the clerk. Nor is there any indication if Petitioner has since received another copy of his transcripts from any source.

We do take judicial notice that, in Petitioner's habeas case, 06-0112, M.D. Pa., he recently filed, on February 7, 2007, a Status Report with attached copies of portions of his D.C. Court records and transcripts. (Doc. 23, Civil No. 06-0112, M.D. Pa.). In the Status Report, Petitioner indicates

---

*In re Patenaude,* 210 F.3d 135, 140 (3d Cir.2000). Petitioners must demonstrate that they "lack adequate alternative means to obtain the relief they seek" and they "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable." ' *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Section 1361 provides the federal courts with jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." *Id.* Federal courts have no authority to issue a writ of mandamus to state officers or private citizens under this provision.

[6]This Court does not have authority to compel D.C. court officials to make a copy of Petitioner's transcript and to provide Petitioner with a copy of it since, as noted above, federal mandamus relief is limited to federal officers and agencies.

that he has not yet exhausted his D.C. Court remedies. Thus, even if a claim was asserted in the present case for denial of access to the courts, this claim would fail, since he has no actual injury with respect to his habeas case filed with this Court, No. 06-0112. Petitioner's habeas case is still pending, and no adverse action has been taken in that case as a result of the failure to receive Petitioner's D.C. Court transcripts, since his exhaustion of remedies with the D.C. Court is not complete.

Indeed, it does not appear from Petitioner's attached documents to his present Petition that the BOP even has his package or knows its whereabouts. In fact, Petitioner's exhibits indicate that the BOP staff rejected his package at the Waymart Post Office for not meeting the legal/special mail requirements, and that no further action was taken. (*See* Doc. 1, Warden Lindsay Response to Petitioner's Administrative Remedy Request dated February 27, 2006). The Warden also indicated that the front of Petitioner's package was not marked legal/special mail and it did not have written on it "Open only in presence if the inmate." The Warden also indicates that the sender of the package was not adequately identified as an attorney. The letters of Attorney Gray, the sender of the package, dispute, in part, the Warden's description of the package. Gray states in his March 16, 2006 letter to Petitioner that he wrote "Legal" on all 4 corners of the package, and attached his business card in the return address area, which card identified him as an attorney. However, Gray admits that he did not mark the package "special mail - Open only in the presence of the inmate." Gray states that it was the inmate's responsibility to notify the attorney that his mail must be marked

as stated, and that he never received any notification from Petitioner about this required marking.[7]

The Court in *Coombs v. Staff Attorneys of Third Circuit,* 168 F. Supp. 2d 432, 434-435 (E.D. Pa. 2001), stated;

> Petitioners seeking mandamus must demonstrate that they "lack adequate alternative means to obtain the relief they seek" and they "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable.' " *Mallard,* 490 U.S. at 309, 109 S.Ct. 1814 (quotations, brackets and citations omitted). *See also In re Patenaude,* 210 F.3d at 141;. *In re Jacobs,* 213 F.3d 289 (5th Cir.2000) (mandamus should be "granted only in the clearest and most compelling cases in which a party seeking mandamus shows that no other adequate means exist to obtain the requested relief"); *In re Crowder,* 201 F.3d 435 (table decision), 1999 WL 1003847, at *1 (4th Cir. Nov. 5, 1999) ("A petitioner must show that he has a clear right to the relief sought, that the respondent has a clear duty to perform the act requested the petitioner, and that there is no adequate remedy available.").
>
> The Court has discretion whether to issue a writ of mandamus. It may refrain from issuing a writ even when technical grounds for mandamus are satisfied. *See In re Patenaude,* 210 F.3d, at 141.

Based on the foregoing, we find that Petitioner has not stated all of the required elements necessary for this Court to grant the extraordinary relief request in this Petition. We find that Petitioner has other adequate means to obtain copies of his D.C. Court records and transcripts. Thus, we shall recommend that this Petition for Writ of Mandamus be dismissed.

---

[7] We note that, even if Petitioner filed an FTCA action with respect to his lost D.C. records and transcripts, this Court may lack subject matter jurisdiction over such claim, since it may be   barred by the detention of goods exception to the FTCA, pursuant to 28 U.S.C. § 2860(c).

**V. Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Mandamus be dismissed for failure to state a claim.[8]  It is also recommended that Petitioner be granted leave to proceed *in forma pauperis* solely for the purpose of filing this action.


                                             **s/ Thomas M. Blewitt**
                                             **THOMAS M. BLEWITT**
                                             **United States Magistrate Judge**

**Dated: March 5, 2007**

---

[8] Notwithstanding Tyree's *pro se* status, we do not recommend that he be permitted to amend his Petition for Writ of Mandamus since we find that he has other adequate remedies available to him. Thus, we find futility of any amendment of his Petition, and we shall not recommend Petitioner be granted leave to amend. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARDELL L. TYREE | : | CIVIL ACTION NO. **1:CV-07-0175** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| FEDERAL BUREAU OF PRISONS, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 5, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                               **s/ Thomas M. Blewitt**
                               **THOMAS M. BLEWITT**
                               **United States Magistrate Judge**

**Dated: March 5, 200**7